UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


DAVID M. BZURA                                                                              PLAINTIFF


v.                                                                            NO. 3:13-CV-00661-CRS


LUMBER LIQUIDATORS, INC.,
JAMES DAVIS, and
JAMIE CRAIG                                                                              DEFENDANTS


## MEMORANDUM OPINION

This matter is before the court on the motion of the defendants, Lumber Liquidators, Inc.,[1] James Davis, and Jamie Craig (collectively, "Defendants"), to partially dismiss the complaint of the plaintiff, David M. Bzura ("Bzura"). (DN 4). Bzura has filed a response to the motion (DN 8), to which Defendants have replied (DN 10). Fully briefed, the matter is now ripe for adjudication. For the reasons stated below, the court will grant Defendants' partial motion to dismiss (DN 4).

**I.**

Bzura was employed by Lumber Liquidators as a store manager from January 2005 until April 2013. According to Bzura's complaint in this action, Davis served as Lumber Liquidator's Vice President of Sales, and Craig was Lumber Liquidator's Regional Manager. Bzura maintains that Davis and Craig visited Bzura's store on separate occasions in March 2013. Bzura contends that during these visits, neither Davis nor Craig informed Bzura of any problems

---

[1] The complaint incorrectly identified the defendant as Lumber Liquidators Holdings, Inc. The court substituted Lumber Liquidators, Inc. as the proper party by agreed order on July 26, 2013. (DN 7).

with the store's operations. Bzura further asserts that he served in his role as store manager "without complaint or discipline" until April 1, 2013.

In early April 2013, Bzura and the other Lumber Liquidators store managers in Bzura's region received an email from Craig that was intended only for Davis. The email contained the agenda for a conference call and included the following item: "Termination of SM in 1065 and replacing with AKBA." The parties do not dispute that "SM" is an abbreviation for "store manager," and "1065" is the location of the Lumber Liquidators store managed by Bzura. Bzura contends that "AKBA" is an abbreviation of the phrase "ass-kicking bad ass."

After the email was sent, Craig again visited Bzura's store and gave Bzura a Corrective Action notice. The notice contained a Performance Improvement Plan that required Bzura to improve on at least 37 items by May 4, 2013. However, Craig terminated Bzura on April 30, 2013 and replaced him with someone younger in age. The parties do not dispute that Bzura was over the age of forty at all times relevant to this action.

Bzura then filed this action in Jefferson County, Kentucky, Circuit Court. Defendants removed the action to this court pursuant to our diversity jurisdiction. Bzura's complaint contains two counts. Count I alleges that Bzura was wrongfully terminated by Defendants due to his age in violation of the Kentucky Civil Rights Act ("KCRA"), KRS §§ 344.010 *et seq*. Count II alleges that Defendants engaged in a conspiracy to violate the KCRA when they terminated Bzura because of his age. For their part, Defendants maintain that Bzura was terminated for a legitimate, non-discriminatory reason. Defendants deny that they engaged in any unlawful conduct with regard to Bzura or his employment with Lumber Liquidators. Defendants have moved to dismiss Count I as to the age discrimination claims asserted against Davis and Craig. Defendants seek to dismiss Count II as to each defendant.

**II.**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). During the pleading stage, the plaintiff must provide factual allegations that are "enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citation omitted). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted).

**III.**

**A. Count I: Age Discrimination**

Defendants argue that the court should dismiss Count I as to Davis and Craig (hereinafter, the "Individual Defendants") because individual employees cannot be held liable under the KCRA for claims based on discrimination. Pursuant to the KCRA, it is an unlawful practice for an employer "to discharge any individual, or otherwise to discriminate against an

individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . age forty (40) and over[.]" KRS § 344.040(1)(a). The KCRA defines an "employer" as "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year *and an agent of such a person*[.]" *Id.* § 344.030(2) (emphasis added).

The Individual Defendants argue that they are not "employers," as defined by KRS § 344.030(2), nor are they "agents" of an employer. They contend that the Sixth Circuit, the Kentucky Court of Appeals, and this court have each held that individual agents or supervisors who do not qualify as employers may not be held personally liable under either the KCRA or Title VII. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir. 1997) (holding that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII," and applying this holding to the KCRA "[b]ecause KRS Chapter 344 mirrors Title VII"); *Conner v. Patton*, 133 S.W.3d 491, 493 (Ky. Ct. App. 2004) ("[I]ndividual agents or supervisors who do not otherwise qualify as employers cannot be held personally liable in their individual capacities under KRS Chapter 344."); *Walker v. MDM Servs. Corp.*, 997 F. Supp. 822, 823–24 (W.D. Ky. 1998) (citing *Wathen*, 115 F.3d at 404) ("An individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII or under the Kentucky Civil Rights Act, K.R.S. 344.010.").

Indeed, the Sixth Circuit has held that "despite the express use of the word 'agent' in the statute, Title VII does not create individual liability for individuals in supervisory positions." *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (citing *Wathen*, 115 F.3d at 404). Because the KCRA is interpreted in accordance with Title VII, *Wathen*, 115 F.3d at 405, courts in this circuit have generally held that individual agents and supervisors are not subject to liability under either

Title VII or the KCRA.[2] *See Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 793–94 (6th Cir. 2000).

Regardless of whether the Individual Defendants are considered "agents" or "supervisors" of Lumber Liquidators, both the Sixth Circuit and Kentucky courts would decline to impose personal liability on them for discrimination claims arising under the KCRA. Because there is no evidence to support a finding that the Individual Defendants otherwise qualify as employers under KRS § 344.040, they cannot be held individually liable for a claim of age discrimination.

### B. Count II: Conspiracy to Discriminate

Bzura also brings a claim against Defendants for their alleged conspiracy to violate the KCRA. Defendants argue that this claim is barred by the intra-corporate conspiracy doctrine. This doctrine states that "a corporation cannot conspire with its own agents or employees" because the corporation and the employees "are members of the same collective entity" and so "there are not two separate 'people' to form a conspiracy." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509–10 (6th Cir. 1991).

The Kentucky Supreme Court has not yet ruled on the applicability of this doctrine, but this court has predicted that the Kentucky Supreme Court would apply the doctrine. *McGee v. Continental Mills, Inc.*, 2009 WL 4825010, *2 (W.D. Ky. Dec. 11, 2009) (observing that "[m]ost states endorse the [intra-corporate conspiracy] doctrine") (citations omitted); *Hardesty v. Johnson Controls, Inc.*, 2011 WL 6329756, *3 (W.D. Ky. Dec. 19, 2011) ("[T]he intra-corporate conspiracy doctrine is not a matter of first impression before this Court. In fact, this Court has

---

[2] The Sixth Circuit has recognized one exception to this general principle. According to the Sixth Circuit, the Kentucky retaliation statute, KRS § 344.280, "plainly permits the imposition of liability on individuals" and is not limited to actions taken by employers. *See Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). However, the exception does not apply in this case because Bzura has not brought a retaliation claim against Defendants under KRS § 344.280.

both applied the doctrine and opined that the Kentucky Supreme Court, if faced with the appropriate factual circumstances, would do the same.").

Bzura argues against the application of the intra-conspiracy doctrine and directs the court to *Williams v. Morgan Stanley & Co., Inc.*, 2009 WL 799162 (E.D. Mich. Mar. 24, 2009). In *Williams*, the United States District Court for the Eastern District of Michigan acknowledged that the Sixth Circuit and Michigan state courts both recognize an exception to the intra-corporate conspiracy doctrine for acts that fall outside the scope of a corporate employee's employment. *Id.* at *4. The court stated that this exception applies—and a conspiracy can be established between a corporation and corporate employees—if the employee acts solely out of personal bias or if "the aim of the conspiracy exceeds the reach of legitimate corporate activity." *Id.* (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 840 (6th Cir. 1994)).

Even if the Sixth Circuit does recognize this exception to the intra-corporate conspiracy doctrine, the court cannot identify any allegations to support the conclusion that Davis and Craig were acting solely out of personal bias. Although Bzura contends that Craig's use of the phrase "ass-kicking bad ass" created the "fair inference in the industry" of a younger employee, the court is unable to conclude that the use of this phrase shows a personal bias on the part of Davis and Craig. With the exception of this language in the email, Bzura has not alleged additional facts which show that Davis and Craig's decision to terminate Bzura was motivated solely by bias on their part. Moreover, the allegations in the complaint reference internal decisions that Davis and Craig made on Lumber Liquidator's behalf. Therefore, Bzura has not alleged that Davis and Craig's actions exceeded the scope of their employment with Lumber Liquidators.

In sum, Bzura has not presented this court with any argument as to why we should refuse to apply the intra-corporate conspiracy doctrine. Consequently, we find that Lumber Liquidators

cannot conspire with Davis and Craig, as they are agents of Lumber Liquidators and thus "members of the same collective entity." *See Hull*, 926 F.2d at 509–10. As such, Bzura's conspiracy claims against Defendants are barred by the intra-corporate conspiracy doctrine.

**IV.**

For the reasons stated herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendants' partial motion to dismiss (DN 4) is **GRANTED**. Count I is **DISMISSED** as to the claims against Davis and Craig for discrimination in violation of the KCRA. Count II is **DISMISSED** as to the claims against Lumber Liquidators, Davis, and Craig for conspiracy to violate the KCRA. A separate order will be entered this date in accordance with this Memorandum Opinion.

February 26, 2014

                                                    Charles R. Simpson III, Senior Judge
                                                      United States District Court